# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**SANDRA J. CRIM**
**and JULIA CRIM,**
**Plaintiffs Below, Petitioners**

**FILED**
**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-44**          (Cir. Ct. Harrison Cnty. Case No. CC-17-2022-C-104)

**DELLA RIFFLE**
**and JAMES WINNINGS,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Sandra J. Crim and Julia Crim ("Petitioners Crim") appeal the December 7, 2023, order from the Circuit Court of Harrison County granting the motion for summary judgment filed by Respondents Della Riffle and James Winnings ("Riffle-Winnings Respondents"). The Riffle-Winnings Respondents filed a response.[1] Petitioners Crim filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

At the heart of this appeal is a deeded, forty-foot right of way ("ROW"), existing for the benefit of the property owned by Sandra J. Crim, and a gravel driveway ("Driveway"), which traverses across Della Riffle's property to Sandra J. Crim's home. Petitioners Crim claim that they have an express easement over the Driveway for the purposes of ingress and egress to their home. The ROW (yellow) and Driveway (green) are depicted on the following plat map, which was central to the circuit court's ruling below:

---

[1] Petitioners Crim are represented by Thomas W. Kupec, Esq. The Riffle-Winnings Respondents are represented by Daniel C. Cooper, Esq., and Jamison H. Cooper, Esq.



According to the circuit court's order the following facts are undisputed.

Petitioners Crim reside together on property owned by Sandra J. Crim, which is located to the east of property owned by Della Riffle where she resides with James Winnings. Della Riffle inherited her property in August of 2014. Julia Crim owns property to the north of Della Riffle's property. The ROW is specific in terms of its location and width, and it is referenced in a deed recorded with the Clerk of the County Commission of Harrison County. As shown on the plat map, Green Valley Road is a county road, which runs parallel to the property owned by Julia Crim. The Driveway runs from its intersection with Green Valley Road, through the middle of Della Riffle's property, and onto Sandy J. Crim's property. A significant portion of the Driveway falls outside the ROW. It is undisputed that Julia Crim has access to her property from Green Valley Road.

As neighbors, the parties had a good relationship until the summer of 2020. Prior to that time, Petitioners Crim asserted that there was a "mutual understanding" between the parties that they had permission from Della Riffle to use the Driveway for ingress and egress. However, the relationship deteriorated, and Della Riffle revoked Petitioners Crim's permission to use the Driveway. This underlying suit followed.

2

In their June 9, 2022, complaint, Petitioners Crim claimed that the Riffle-Winnings Respondents were impeding upon their use and enjoyment of the Driveway, which they claimed was included as part of the subject ROW. The complaint also asserted a claim for nuisance and damages. However, at some point after the complaint was filed, Petitioners Crim learned that the ROW did not encompass the Driveway. On June 23, 2022, the Riffle-Winnings Respondents filed separate answers. In her answer, Della Riffle asserted a counterclaim for trespassing against Petitioners Crim, alleging that they had continued to use the Driveway after she had revoked their right to do so. Petitioners Crim filed their answer to the counterclaim on July 7, 2022, in which they stated: "If in someway [sic] the driveway is not within the metes and bounds description [Sandra J. Crim and Julia Crim] would have the right to use said driveway as they have used it since 2001 by adverse possession or prescriptive easement."

On August 17, 2023, the Riffle-Winnings Respondents moved for summary judgment, asserting that Petitioners Crim did not sufficiently plead their claims for easement by implication or prescriptive easement, and that there were no genuine issues of material fact as to either claim. Specifically, the Riffle-Winnings Respondents maintained that an easement by implication over the Driveway was unnecessary because Petitioners Crim had two other routes of access to Sandra J. Crim's property. They further contended that Petitioners Crim could not establish the elements for a prescriptive easement claim because they enjoyed permissive use of the Driveway prior to the summer of 2020, and, thus, they could not establish adverse use of the Driveway, an essential element of any prescriptive easement claim.

On September 13, 2023, petitioners filed a brief, two-page response in opposition to the motion for summary judgment. This response did not reference the facts, pleadings, case law, or include affidavits, but rather, summarily argued that Petitioners Crim possessed a right of way over the Driveway, and that there were "factual issues . . . which require the matter to be heard by a jury[.]"

At a status hearing on November 29, 2023, the circuit court orally granted the motion for summary judgment. On November 30, 2023, counsel for Petitioners Crim filed a one-page written objection to the proposed summary judgment order that had been prepared by opposing counsel, taking exception to the findings set forth in three of the proposed order's numbered paragraphs. On that same day, counsel for the Riffle-Winnings Respondents filed a letter with the circuit court responding to the objections and noted it would make a slight modification to one of the proposed order's paragraphs. A modified proposed order was submitted to the circuit court and on December 7, 2023, the circuit court entered the order presently on appeal. Among its findings, the circuit court first found that the plat map clearly established that the ROW did not encompass the Driveway. The circuit court then addressed Petitioners Crim's easement by implication and prescriptive easement claims.

3

In addressing Petitioners Crim's contention that they possessed an easement by implication, the circuit court noted that pursuant to *Cobb v. Daugherty*, 225 W. Va. 435, 693 S.E.2d 800 (2010), such an easement must arise from some necessity that was created at the time of the division of the original tract of land into multiple parcels. *Id*. at 442, 693 S.E.2d at 807. It was further determined that Petitioners Crim were required to establish the following elements by clear and convincing evidence:

> To establish an easement implied by a prior use of the land, a party must prove four elements: (1) prior common ownership of the dominant and servient estates; (2) severance (that is, a conveyance of the dominant and/or servient estates to another); (3) the use giving rise to the asserted easement was in existence at the time of the conveyance dividing the property, and the use has been so long continued and so obvious as to show that the parties to the conveyance intended and meant for the use to be permanent; and (4) the easement was necessary at the time of the severance for the proper and reasonable enjoyment of the dominant estate.

*Id.* at 438, 693 S.E.2d at 803, syl. pt. 6.

On this issue, the circuit court found that Petitioners Crim had not alleged, and did not prove, the elements of an easement by implication. Namely, they failed to allege any common ownership of properties that shared use of the Driveway; the complaint did not allege severance of those properties; no evidence was presented to establish that the Driveway preexisted any severance of the properties at issue; and their use of the Driveway was not necessary for ingress and egress to Sandra J. Crim's property. In other words, the circuit court found that in accordance with *Cobb*, Petitioners Crim had failed to allege, let alone establish that access to the Driveway was reasonably necessary and not merely convenient. *Id.* at 448, 693 S.E.2d at 813. The circuit court also found that there was no evidence to establish that a necessity existed to oppose the motion for summary judgment.

The circuit court also found that Petitioners Crim had failed to establish a prescriptive easement. On this issue, it noted that Petitioners Crim had the following burden of proof by clear and convincing evidence:

> To establish an easement by prescription there must be continued and uninterrupted use or enjoyment for at least ten years, identity of the thing enjoyed, and a claim of right adverse to the owner of the land, known to and acquiesced in by him; but if the use is by permission of the owner, an easement is not created by such use.

Syl. Pt. 1, *Town of Paden City v. Felton*, 136 W. Va. 127, 66 S.E.2d 280 (1951).

Further,

4

A person claiming a prescriptive easement must prove each of the following elements: (1) the adverse use of another's land; (2) that the adverse use was continuous and uninterrupted for at least ten years; (3) that the adverse use was actually known to the owner of the land, or so open, notorious and visible that a reasonable owner of the land would have noticed the use; and (4) the reasonably identified starting point, ending point, line, and width of the land that was adversely used, and the manner or purpose for which the land was adversely used.

Syl. Pt. 1, *O'Dell v. Stegall*, 226 W. Va. 590, 703 S.E.2d 561 (2010).

Here, the circuit court found the evidence showed that prior to the summer of 2020, Petitioners Crim's use of the Driveway had been with the permission of Della Riffle, and that Petitioners Crim had acknowledged in their response to summary judgment that they used the Driveway based upon the "mutual assent" of the parties. Therefore, because Della Riffle did not revoke permission until 2020, it was determined that Petitioners Crim could not establish that their use of the Driveway had been adverse for a continuous period of ten years. Instead, the circuit court concluded that at best, Petitioners Crim had established that they had a license to use the Driveway, which Della Riffle was free to revoke at any time. *O'Dell*, 226 W. Va. at 597, 703 S.E.2d at 568, syl. pt. 6 ("In the context of prescriptive easements, a use of another's land that began as permissive will not become adverse unless the license (created by the granting of permission) is repudiated."). However, because Della Riffle had only recently revoked their license, they could not meet the ten-year period required for a prescriptive easement. This appeal followed.[2]

---

[2] The December 7, 2023, order noted that Petitioners Crim's nuisance claim, as well as Della Riffle's counterclaim for trespass remained pending. On January 3, 2024, the circuit court entered an order staying the matter pending this appeal. We find no issue with the fact that the December 7, 2023, order was not expressly certified as a final order, pursuant to Rule 54(b) of the Rules of Appellate Procedure. The Supreme Court of Appeals of West Virginia has held that the absence of an express Rule 54(b) certification "will not render the order interlocutory and bar appeal provided that this Court can determine from the order that the trial court's ruling approximates a final order in its nature and effect." Syl. Pt. 2, in part, *Durm v. Heck's, Inc.*, 184 W. Va. 562, 401 S.E.2d 908 (1991). In the order on appeal, the circuit court granted summary judgment on Petitioners Crim's claims that they had acquired a prescriptive easement or an easement by implication, resolving those claims. The circuit court's decision to stay its order pending appeal further indicates that the circuit court intended its ruling on those claims to be a final judgment. Accordingly, we find that the circuit court's December 7, 2023, order approximates a final order in nature and effect.

It is well established in West Virginia that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting a de novo review, this Court applies the same standard for granting summary judgment that a circuit court must apply, and that standard states, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *United Bank, Inc. v. Blosser,* 218 W. Va. 378, 383, 624 S.E.2d 815, 820 (2005) (quoting Syl. Pt. 2, *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756). "Summary judgment is appropriate if, from the totality of the evidence presented . . . the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.,* 194 W. Va. 52, 56, 459 S.E.2d 329, 333 (1995). "[T]he party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Id.* at 60, 459 S.E.2d at 337 (quotations and citations omitted).

On appeal, Petitioners Crim's brief sets forth three assignments of error, arguing that the circuit court erred in granting summary judgment when issues of fact existed, the circuit court failed to hold a hearing on the motion for summary judgment, and that the circuit court misapplied the law to the facts of the case. Upon review, we find no error in the circuit court's entry of summary judgment.

Petitioners Crim set forth multiple arguments in support of their contention that the circuit court misapplied the law to the facts, and that there is an issue of fact regarding their prescriptive easement claim. They argue that *O'Dell* states the element of "adverse use" does not require a showing of animosity or ill will, but rather, it can be established through the wrongful use of land without the express or implied consent of the landowner. *See* Syl. Pts. 4 and 5, *O'Dell*, 226 W. Va. 590, 703 S.E.2d 561. They also maintain this determination is a question of fact. *Cantrell v. Cantrell*, 242 W. Va. 72, 82, 829 S.E.2d 274, 284 (2019) (quotations and citations omitted) ("Whether the use is hostile or is merely a matter of neighborly accommodation . . . is a question of fact to be determined in light of the surrounding circumstances and the relationship between the parties."). On this point, Petitioners Crim maintain there is sufficient evidence to show that they have benefited from the adverse and continuous use of the Driveway for more than ten years, which creates a question of fact whether a prescriptive easement exists. They also argue that factual issues exist because the Riffle-Winnings Respondents failed to file supporting affidavits with their motion for summary judgment. We are not persuaded by these arguments.

We begin by observing that there is no indication in the record that these arguments were made before the circuit court in opposition to the motion to summary judgment. Thus, to the extent these arguments are being raised for the first time on appeal, we decline to address the same. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (per curiam) (citations and quotations omitted) ("Our general rule

is that nonjurisdictional questions ... raised for the first time on appeal, will not be considered."); *PITA, LLC v. Segal*, 249 W. Va. 26, 40, 894 S.E.2d 379, 393 (Ct. App. 2023) (noting that as a general rule, an appellate court will not consider an issue raised for the first time on appeal).

Moreover, based upon our review of the record, Petitioners Crim failed to resist summary judgment in this case. As previously noted, Petitioners Crim's response to the motion for summary judgment was cursory, contained no citation to the underlying record, no affidavits or supporting legal authority, and contained no legal analysis, but rather, offered only mere assertions that genuine issues of material fact existed. However, as we previously noted, our case law clearly states the burden was upon Petitioners Crim to produce sufficient evidence to overcome a motion for summary judgment. *See Williams* at 60, 459 S.E.2d at 337; *see also* W. Va. R. Civ. P. 56(e) ("an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing . . . a genuine issue for trial.").

Here, Petitioners Crim do not argue that their response set forth specific facts showing any genuine issue of material fact. Rather, their argument is that summary judgment was inappropriate because the Riffle-Winnings Respondents did not file supporting affidavits with their motion. Petitioners Crim cite no authority to support this proposition; however, the Rules of Civil Procedure indicate that no such requirement is imposed upon a party who moves for summary judgment. *See* W. Va. R. Civ. P. 56(a) and (b) (stating that a claimant or defending party "may . . . move with or without supporting affidavits for summary judgment in the party's favor[.]"). Furthermore, "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. Pt. 3, *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756. After careful review of the record, we cannot conclude that the circuit court erred by granting summary judgment in this case.

Accordingly, we affirm the circuit court's December 7, 2023, order.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear